IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKHENATON JONES, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3791 |
| | : | |
| BLANCHE CARNEY, *et al.*, | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 5th day of September, 2024, upon consideration of Defendants' Motion to Dismiss (ECF No. 16), Plaintiff Akhenaton Jones's Response thereto (ECF No. 20), Defendant YesCare's Answer to the Complaint with Affirmative Defenses (ECF No. 19), and Plaintiff's Request in response (ECF No. 21), and pursuant to the Court's statutory authority to screen this case pursuant to 28 U.S.C. § 1915(e), it is **ORDERED** that:

1. The Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated in the Court's accompanying Memorandum as follows:

    a. The Motion is **GRANTED** as to Jones's request for release from custody or dismissal of his criminal charges, as to any claims for liability based solely on a theory of *respondeat superior*, which are **DISMISSED WITH PREJUDICE**; and as to the claim of municipal liability against the City and any other claims for supervisory liability, which are **DISMISSED WITHOUT PREJUDICE**;

    b. The Motion is **DENIED** in all other respects.

2.      The Clerk of Court is **DIRECTED** to restrict access to YesCare's Answer to the Complaint with Affirmative Defenses (ECF No. 19) and Plaintiff's Request (ECF No. 21) to internal court users and case participants only.

3.      Jones is given leave to file an amended complaint in the event he can cure the defects in any claims the Court has dismissed, with the exception of Jones's claims seeking release from custody or dismissal of his criminal charges, imposition of liability on any named Defendant based on a theory of *respondeat superior*, or imposition of municipal liability through official-capacity claims on any of the Municipal Defendants, because amendment of those claims would be futile.  Any amended complaint must be filed within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption and must state all of the factual bases for Jones's claims against each defendant by specifying the "who," "what," "where," "when," and "how" of each claim.  The amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint or other papers filed in this case to state a claim.  **If Jones files an amended complaint and still intends to proceed on the claims the Court did not dismiss, he must plead those claims again in full, including all of the facts supporting those claims, or they will not be considered part of this lawsuit**.  **This means that if Jones files an amended complaint, he must reassert his claims for denial of access to courts, interference with the right to counsel, excessive force, failure to intervene, due process violations, and denial of medical treatment, along will all of the**

**facts that support these claims, or the claims will be deemed abandoned.**[1]

When drafting any amended complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

4. The Clerk of Court is **DIRECTED** to send Jones a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jones may use this form to file his amended complaint if he chooses to do so. The Clerk of Court is also **DIRECTED** to send Jones a copy of the original Complaint (ECF No. 2).

5. If Jones files an amended complaint, the Defendants shall respond in the time frame set forth in Federal Rule of Civil Procedure 15(a)(3).

6. If Jones does not file an amended complaint in response to this Order, the case will proceed only on Jones's claims against Defendants Vrato and Hurley for denial of access to courts; claims against Defendant Powell for excessive force and interference with the right to counsel; claims against Defendants Bright, Bellinger, and Duncan for failure to intervene; claims against Defendants Bellinger and Harmer for due process violations; and claims against YesCare and its employees for denial of medical treatment. If Jones does not wish to file an amended complaint, he may submit a notice to that effect with this case number on it, 23-3791, for faster proceedings on his remaining claims.

---

[1] Jones should note that "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). In other words, "the most recently filed amended complaint becomes the operative pleading." *Id.* This means that if Jones files an amended complaint, it is that document and that document alone that governs the contours of his claims.

7. If Jones does not file an amended complaint, the Defendants shall file an answer to the remaining claims within fourteen (14) days of the date of Jones's notice that he seeks to proceed on his remaining claims or the expiration of the time for him to file an amended complaint, whichever is earlier.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**